UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MARIAH BAY LEASING CORPORATION, | § § § § | |
|---|---|---|
| Appellant, | § § | |
| v. | § § | CIVIL ACTION NO. 3:11-CV-029-B |
| CREDIT UNION LIQUIDITY SERVICES, INC., | § § § § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Credit Union Liquidity Services, LLC's Motion to Dismiss Appeal (doc. 7), filed March 22, 2011. Having considered the Motion, the Court is of the opinion that it should be **GRANTED** and the Appeal dismissed based upon principles of mootness.

### I.

### BACKGROUND[1]

This is an appeal from the denial of confirmation of a Chapter 11 reorganization plan. On February 19, 2010, Appellant Mariah Bay Leasing Corporation ("Mariah Bay") filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. (Appellant's Objection to Appellee's Motion to Dismiss Appeal [hereinafter Appellant's Response] ¶ 1). Mariah Bay designated its

---

[1]The Court takes its factual account from those uncontested facts found in the parties' pleadings and papers filed with the Court. Any contested fact is designated as the allegation of a specific party.

- 1 -

Chapter 11 filing as a single asset real estate case.[2] (Appellee's Mot. Dismiss ¶ 2). The real estate concerned is a retail development in Rockwall, Texas (the "Real Property"). (*Id.*). On June 29, 2010, Mariah Bay filed an amended version of the reorganization plan intending to reorganize around the Real Property. (*Id.* ¶ 3).

Mariah Bay financed the Real Property through a $31,000,000 loan from Appellee Credit Union Liquidity Services ("CULS"). (Appellee's Mot. to Dismiss Appeal App. ¶¶ 6-7). According to the loan agreement, CULS has first lien on the property, rent, proceeds, and profits generated by the Real Property. (*Id.*). On August 2, 2010, CULS moved to convert Mariah Bay's bankruptcy case to a liquidation case under Chapter 7 of the United States Bankruptcy Code pursuant to Section 1112(b) (the "Motion to Convert"). (Appellee's Mot. Dismiss ¶ 5).

On August 13, 2010, Mariah Bay and CULS agreed to an order which would lift the automatic stay granted by Section 362 of the United States Bankruptcy Code if Mariah Bay failed to confirm a reorganization plan by 11:59 p.m. on October 3, 2010 (the "Lift Stay Order"). (*Id.* ¶ 6). Lifting the stay would allow CULS to foreclose on Mariah Bay's Real Property. (*Id.*).

Appellant's reorganization plan failed to be confirmed by October 3, 2010, and CULS foreclosed on Mariah Bay's Real Property. (*Id.* ¶ 7). Accordingly, CULS supplemented its Motion to Convert with evidence of the foreclosure as another reason to convert Mariah Bay's case from Chapter 11 to Chapter 7. (*Id.*). The United States Bankruptcy Court for the Northern District of Texas granted the Motion to Convert (the "Conversion Order"), converting Mariah Bay's case into Chapter 7. (*Id.*). Mariah Bay did not appeal the grant of the Motion to Convert or the Lift Stay

---

[2] A single asset real estate is "real property constituting a single property or project . . . which generates substantially all of the gross income of a debtor . . . ." 11 U.S.C. § 101(51B).

Order. (*Id.*). Upon conversion, a Chapter 7 Trustee assumed management of Mariah Bay's bankruptcy estate. (*Id.* ¶¶ 4-5). The Trustee is not participating in the appeal now before the court. (*Id.* ¶ 5).

On October 5, 2010, after the conversion of Mariah Bay's Chapter 11 case to Chapter 7, the Bankruptcy Court denied confirmation of Mariah Bay's Chapter 11 reorganization plan (the "Confirmation Order"). (Appellant's Resp. ¶¶ 2-3). Mariah Bay appealed the Confirmation Order, which is the current subject of appeal before the court. (*Id.*).

On March 22, 2011, CULS filed its Motion to Dismiss Appeal (doc. 7), arguing that dismissal was warranted based on any of three separate jurisdictional issues: ripeness (that the appeal improperly concerns a non-final order), mootness (that the conversion of the underlying bankruptcy case to a Chapter 7 case renders this appeal unnecessary and, alternatively, that the real property at issue has been foreclosed upon and is thus no longer properly the subject of appeal), and standing (that the Chapter 7 Trustee alone could appeal the decision). On April 12, 2011, Mariah Bay filed its Partial Response to CULS's Motion to Dismiss Appeal (doc. 10), contending that it does have standing to bring the instant appeal and asking the Court to allow it to fully respond to CULS's Motion to Dismiss Appeal. On May 9, 2011, the Court ordered Mariah Bay to file a full response (doc. 11) to CULS's Motion to Dismiss in order to consider all three jurisdictional issues at once. Mariah Bay filed its Response (doc. 12) on May 16, 2011, and CULS replied (doc. 14) on May 30, 2011. Having considered all of the issues, the Court finds that dismissal is warranted on the grounds of mootness alone and thus does not address the parties' arguments as to standing or ripeness.

## II.

## LEGAL STANDARDS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case that is moot does not constitute a case or controversy. *See Powell v. McCormack*, 395 U.S. 486, 495-497 (1969). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole*, 445 U.S. at 396 (quoting *Powell*, 395 U.S. at 496). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).

## III.

## ANALYSIS

To prevail on mootness, CULS must show that the dispute has been resolved. *See Am. Med. Ass'n*, 857 F.2d at 270. CULS argues that the dispute is resolved for two reasons: (1) Mariah Bay's bankruptcy case was permanently converted from a Chapter 11 reorganization case to a Chapter 7 liquidation case, making confirmation of its reorganization plan impossible; and, alternatively, (2) Mariah Bay no longer owns the Real Property the reorganization plan is based upon, effectively making the plan impossible to implement. (Appellee's Mot. Dismiss ¶ 14). The Court agrees as to both.

    *A.*    *Conversion to Chapter 7 Liquidation*

CULS contends that the language of Section 706(a) of the Bankruptcy Code only allows a Chapter 7 case to be converted to Chapter 11 if the case was not previously converted. (*Id.* ¶ 15).

Section 706(a) states "the debtor may convert a case . . . at any time, if the case has not been converted under section 1112 . . . ." 11 U.S.C. § 706(a). Furthermore, CULS argues that because reorganization plans are only a part of Chapter 11 cases, and not Chapter 7, the Bankruptcy Court would be unable to take any action to effectuate the plan. (Appellee's Mot. Dismiss ¶ 15).

In response, Mariah Bay argues Section 706(b) allows the court, rather than the debtor, to convert a Chapter 7 case to a Chapter 11 case at the court's discretion. (Appellant's Resp. ¶ 24). Indeed, the language of the statute reads "on request of a party . . . the court may convert a case under this chapter . . . at any time." 11 U.S.C. § 706(b) (emphasis added). Mariah Bay argues that while Section 706(a) prevents debtors from reconverting a case, Section 706(b) confers on courts the ability to reconvert. (Appellant's Resp. ¶ 24). Mariah Bay does not contend that its reorganization plan could have any effect if its case remains in Chapter 7. (*See* Appellant's Resp.).

Reorganization plans are solely a part of Chapter 11 cases. *See* 11 U.S.C. §§ 1121-1129 (2006) (describing who may file a plan and the purpose of a plan under Chapter 11). Comparatively, Chapter 7 proceedings do not have reorganization plans because the entirety of the estate is liquidated. *See* 11 U.S.C. §§ 721-727 (2006) (detailing the process of liquidation). As long as Mariah Bay's case remains in Chapter 7 proceedings, the reorganization plan cannot be consummated. Thus, while Mariah Bay claims that the Bankruptcy Court's quickly converting to Chapter 7 denied it the opportunity to amend its Chapter 11 reorganization plan, it nevertheless did not appeal the Conversion Order. (*See* Appellant's Resp. ¶ 19; Appellee's Mot. Dismiss ¶ 7). The proper course would have been for Mariah Bay to appeal not only the denial of its reorganization plan, but also the granting of CULS' Motion to Convert and Motion to Lift Stay Order. However, because Mariah Bay had the opportunity to resist conversion through objection or appeal and did

not, any claim based the denial of its Chapter 11 reorganization plan is moot.

Mariah Bay is correct in asserting that Section 706(b) does in fact allow courts to reconvert a case previously converted to Chapter 7 back to a Chapter 11 case. *See, e.g.*, *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1161 (5th Cir. 1988), *cert. denied*, 488 U.S. 926. However, despite any possibility that the case might theoretically be reconverted from Chapter 7 to Chapter 11, the fact remains that the case currently remains in Chapter 7 without any objection or appeal. Furthermore, even though the statute would allow a judge to reconvert a case to Chapter 11, such a decision would be entirely at the discretion of the bankruptcy court, based upon "what will most inure to the benefit of all parties in interest." *Id.* Whether a court is converting from Chapter 11 to 7 or from 7 to 11, it considers the same set of factors-what is best for the parties. *In re Finney*, 992 F.2d 43, 45 (4th Cir. 1993). Therefore, "if cause exists to reconvert from Chapter 11 under 1112(b), conversion from Chapter 7 under 706(b) would be a futile and wasted act." *In re Ryan*, 267 B.R. 635, 638 (Bankr. N.D. Iowa 2001).

The Bankruptcy Court has already decided the parties' best interests are served in Chapter 7. There is nothing of record to suggest that, if the Bankruptcy Court were to consider reconversion to Chapter 11, it come to a different conclusion.

  B.  *Foreclosure of the Real Property*

Mariah Bay's reorganization plan principally revolves around the Real Property. (*See* Appellant's Resp. ¶ 6 (claiming without the Real Property Mariah Bay has no chance of reorganization)). CULS argues that foreclosure on the Real Property prevents consummation of the reorganization plan; Mariah Bay cannot reorganize based on property it does not own. (Appellee's Mot. Dismiss ¶¶ 16-17).

In response, Mariah Bay claims that CULS has not yet sold the Real Property to a third party, and a Lis Pendens prevents any future sale from taking place before the appeal is resolved. (Appellant's Resp. ¶ 25). Thus, Mariah Bay argues this Court can easily reverse the effects of the foreclosure. (*Id.*).

Nevertheless, Mariah Bay agreed to the Lift Stay Order which authorized the foreclosure. (Appellee's Mot. Dismiss ¶ 7). Mariah Bay allowed the foreclosure of the Real Property to take place, ending any possible claim it has to ownership of the Real Property. Accordingly, there is no basis to reverse the effect of the Lift Stay Order which went un-appealed and was mutually agreed upon.

The fact that Mariah Bay's reorganization plan is based on property Mariah Bay no longer owns, moots the issues raised in its appeal.

## IV.

## CONCLUSION

Mariah Bay's appeal of the denial of the reorganization plan is moot on either of two grounds: (1) Mariah Bay's bankruptcy case was permanently converted from a Chapter 11 reorganization case to a Chapter 7 liquidation case, making confirmation of its reorganization plan impossible; and, alternatively, (2) Mariah Bay no longer owns the Real Property the reorganization plan was based upon, effectively making the plan impossible to implement. Accordingly, the Court **GRANTS** Appellee's Motion to Dismiss Appeal, and the appeal is hereby **DISMISSED**.

**SO ORDERED.**

**DATED June 29, 2011**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE